## OSWEGO COUNTY COURT.

### STEPHENS agt. STRONG.

It is not necessary that referees should fix the *time and place* of hearing *in writing*. (*Although it is the better practice.*)

When the time and place for the hearing is actually fixed by the referees or referee, (by parol or otherwise,) and the attorney gives the adverse party notice of the hearing at the *time and place* fixed, such adverse party is in fault, if he neglect to attend; and in his absence the referee may proceed upon the motion of the party giving the notice.

If the *plaintiff* neglects to appear the referee may proceed and make his report in favor of the defendant; and may non-suit the plaintiff.

*July Term,* 1853. Motion by the plaintiff to set aside the report of a referee. The facts sufficiently appear in the opinion of the court.

S. BURTON, *for the Motion.*

A. G. HULL, *opposed.*

TYLER, County Judge.—The plaintiff insists that the report of the referee is irregular, and should be set aside for two reasons. 1st. Because the referee did not appoint the time and place for the hearing in *writing*, before the defendant gave the notice of such hearing. 2d. Because the plaintiff did not appear before the referee, and the cause was not heard on the merits.

1st. Was it necessary for the referee to appoint the time and place for the hearing in *writing*, before the cause could be regularly noticed? The statute in force on the subject is as follows : "They (the referees) shall appoint a time and place for the hearing." (2 *R. S.* 384, § 43.) It will be noticed that the terms of the statute do not require the appointment to be in writing, and I have always regarded it sufficient for the referee to fix the time and place for the hearing by parol. It is doubtless *desirable* in all cases to get the appointment in writing, and serve a copy of it with the notice of hearing. Still the statute does not seem to require it. That is directory merely, and the object of it undoubtedly was, to insure the

attendance of the referees, thus avoiding the contingency of a failure of the referees to be present, where a notice was served on the adverse party, trusting to being able to get the referees together afterward. At the time the statute was enacted three referees were necessary in all cases of reference, and hence the more necessity of the appointment provided for, than now, when *one* only is required. To procure the attendance of one, without previous appointment, is not so uncertain as when three are to be secured. I am of the opinion that when the referee actually fixes the time and place for the hearing, and the attorney gives the adverse party notice of the hearing at the *time* and *place* fixed, such adverse party is in fault, if he neglect to attend, and in his absence the referee may proceed upon the motion of the party giving the notice.

2d. When the plaintiff neglects to appear, can the referee regularly make his report in favor of the defendant, non-suiting the plaintiff? In the case of Holmes agt. Slocum, (6 *How. Pr. Rep*, 217,) Justice JOHNSON, of the seventh judicial district, held, that the referee had no power to " dismiss a complaint, and turn a plaintiff out of court, for unreasonable neglect to proceed in the cause,"—that the referee was " to try the issue which the court sends to him to be tried," and that, " for every other purpose, the action and the parties remain in court." This authority seems to be against the practice in this case. The referee has certainly turned the plaintiff out of court without a trial, and that too, for his neglect to appear on the defendant's notice, and prosecute his suit. According to the view, therefore, of Justice JOHNSON, the report in this case is irregular. However, in the case of Williams agt. Sage, (1 *C. R., N. S.*, 358,) Justice ALLEN, of this district, came to a pre cisely contrary conclusion to that in Holmes agt. Slocum, above cited, holding that either party may notice a cause for hearing before a referee, and proceed upon that notice, precisely as on a trial by the court. The fact that the plaintiff, in that case had appeared and entered upon the hearing, can make no dif ference. If the defendant can regularly notice the case for hearing, he can avail himself of the benefit of such notice

whether the plaintiff sees fit to appear upon it or not. The right of the defendant to notice the cause would be of little service to him, if the plaintiff could defeat it by staying away from the hearing. On the whole I am better satisfied with the reasoning in the case of Williams agt. Sage, than in that of Holmes agt. Slocum, and shall therefore adopt it as governing authority. Here the referee fixed the time and place for the hearing, pursuant to which, the defendant gave the plaintiff the notice, and I am of the opinion that the referee was right in proceeding on the defendant's notice, and in the absence of any evidence on the part of the plaintiff, to report in favor of the defendant.

If the foregoing views are correct, so far as the regularity of the report is concerned, the motion is disposed of. But as it appears that the action is upon a promissory note, which will be outlawed if this suit is suffered to go down, and as the practice may not be regarded in all respects, as fully settled by express adjudication, I consider the case a fit one for relief. The report of the referee must be set aside, upon payment to the defendant, of fifteen dollars costs—being his trial fee before the referee, and the referee's fees. The other costs and disbursements of the defendant, including seven dollars for opposing this motion, may abide the event of the suit.

Ordered accordingly.