By the Coubt.—Moheix, Ch. J.
The Code (section 158) provides two modes of obtaining a bill of particulars, each, however, applicable to a distinct class of cases. The first relates to an action upon an account, and the second to a claim of a party in all other actions.
In the first class of actions it was not necessary to set forth in a pleading “ the items of an account therein alleged,” but the adverse party may demand, by a *317 notice in writing, a copy of the account. If the account is not furnished, the party may be precluded from giving evidence thereof.
If the account furnished is defective, the court may order a “further account.”
The Code has not extended the right to a bill of particulars, to other actions than those in which it could formerly be obtained. Under the former practice, as partly regulated by the statute, the court had the power to order a bill in nearly, if not every, species of actions. It was not confined to the action of assumpsit, but in-included debt and covenant. So in actions ex delicto, such as trover (Humphry v. Cottleyou, 4 Cow., 54), escape, trespass de bonis asportatis, case for negligence, and the like (1 Burrill Pr. 430). And by statute, in action of ejectment (2 Ben. Stat. 341, § 16).
The only essential change made by the Code, is in the manner of obtaining the bill, in a class of cases.
In all cases, under the former practice and statute, an order of the court was required (1 Burrill Pr. 430).
How, in actions when the items of an account are not set out in a pleading, they may be obtained by a mere demand in writing.
In all other cases, an order must be procured.
In prescribing a difierent mode of obtaining the bill, 'in certain cases, the codifiers must have intended to give to the word “account” some definite and separate meaning. So that the items of an account could be obtained by a mere written demand, and without an order.
The most usual cases for bills of particulars before the Code, were actions of assumpsit, for work and labor ; goods sold and delivered, and the like. In such cases the declaration was general. And although the court could, as we have seen, order a bill in other actions, it *318 was in all cases wholly discretionary, and never a matter of right.
The items of work and labor, and of goods sold and delivered, were frequently numerous, and ran through a large period; and there was more need for the particulars, both as to time and amount of such items, than in other actions; and it had become a matter of course to order the bill in all such cases.
The word “ account,” in its comprehensive, sense, of course, signifies many things; but in its mercantile sense, and I may say its legal sense as applied to actions, it means the entry of debts and credits in a book"or upon paper; of things bought and sold, of services performed, with date, and price or value. It may be of a single entry or of a great number, and for a short or long period.
In the sense, therefore, that’an “account” is the aggregate items of charges, more or less, for services rendered or goods sold, it is tó be presumed that the codifiers intended to confine its meaning to the class of cases in which, theretofore, it was most usual, as well as most necessary, that the particulars of the demand or account should be furnished. For unless some such limitation is put upon it, not only can the word, by construction, be extended to.the “ account” given in a pleading of the facts constituting a caus'e of action or defense; but it. would as well render the latter part of the section purposeless and meaningless.
• Unless, therefore, the action is upon or for the recovery of such an account, as,, it seems to me, must have been intended by the codifiers, namely,' an account containing one or more items for work, labor, services, goods sold, and the like, a bill of particulars cannot be obtained by a mere demand in writing.
In the view I. have, taken, therefore, the plain tiff could not obtain a bill of the particulars of the “ dam *319 ages” set up as a counter-claim in the defendant’s answer.
The damages were for the breach of a special contract, and were unliquidated; and there could not be any items of an account, within the meaning I have endeavored to show was intended in the Code.
If I am correct, then, as the plaintiff could not procure a bill of particulars by a mere demand in writing, it follows, that the demand made in this case was a nullity.
Notwithstanding that, however, the question is presented by this appeal, whether a party can rest securely upon the invalidity of the demand ; or whether he must not himself move to have the demand declared a nullity, as was done in this case.
The Code provides, as a penalty for neglecting or refusing to furnish a bill of particulars, after demand, when the pleading does not set forth the items of an account, that the party “5e precluded from giving evidence thereof.”
When or in what manner he is to be precluded is not stated. It may no doubt be done, on motion, at the special term. May it not also be done at the trial %
In Kellogg v. Paine, 8 How. Pr. 339, the practice was stated to be unsettled, but it was regarded as the better or more convenient practice to have the question settled before the trial, for the reason that “it might operate as a surprise upon the party to meet an objection to the sufficiency of his account for the first time at the trial.”' The former practice required the order precluding the evidence to be obtained before trial (Graham Pr. 519). *
As the defendant claims that he is not bound to furnish a bill of particulars in this case at all, upon the mere demand of the party, and without an order of the court, he had the right to have that question settled *320 before the trial, and Ms motion to set aside the demand was therefore regular and proper. And as the plaintiff’s practice is not sanctioned by the Code, the defendant’s motion ought to have prevailed at the special term, and the defendant required to procure an order under the last part of section 158 of the Code.
The order appealed from should be reversed, with costs.