NEW YORK,
May, 1825.

Vischer
v.
Conant.

The plaintiff can in no case have costs in a suit originally brought in the supreme court, in an action of assumpsit, unless he recover more than $50.

He cannot have costs, tho' the accounts of both parties exceed $400. To entitle him in such case to costs, he should sue in the common pleas.

---

VISCHER, Widow, Demandant, *against* CONANT, Tenant.

In dower *unde nihil habet,* view is not of course.

In general a view will not be granted, unless boundaries are in question.

If, in real actions, the tenant wish a more definite

DOWER *unde nihil habet,* of land in Massena, in the county of St. Lawrence. The count was in the usual general form, without showing any land in certain; and now, after a special imparlance, and before plea,

*S. M. Hopkins* moved for a view, on an affidavit of the tenant, that he was seised in his demesne as of fee, of several lots of land in Massena, purchased by him of different persons; and none of the conveyances or titles, for which, knowledge of the extent of the demandant's claims, than he can obtain from the count, he should obtain a bill of particulars, as in the action of ejectment.

NEW YORK,
May, 1825.

Vischer
v.
Conant.

were received by him of the demandant's husband, in whose right she claimed, or from any person claiming under him, as the deponent believed; that he was also possessed of several lots or tracts of land, in the same town, as tenant at will; that he did not know of what lands dower was sought in this suit; that he had procured the records of St. Lawrence county, and of the state, in the office of the secretary of state, to be searched, and could not find that the demandant's husband had ever been seised in fee, of any lands in the town of Massena.

*J. M'Kown*, contra, said it was not a matter of course, in the action of dower, to grant a view. (*Ostrander* v. *Kneeland*, 20 John. Rep. 276.) Indeed, view could not formerly be had in dower *unde nihil habet*, at all. (Booth, 38.)

*Hopkins* said this was the only way in which the tenant could obtain notice of the extent to which the demandant claimed.

*Curia*, per SAVAGE, Ch. J. It was decided in *Ostrander* v. *Kneeland*, (20 John. Rep. 276,) that, in dower *unde nihil habet*, view cannot be demanded of course; and it has been doubted whether it lies at all; (Booth on R. A. 38, and note, Anthon's ed. Park on Dower, 286;) though the better opinion seems to be that it does. (Park on Dower, 286, and the authorities there cited in note.) And this is plainly implied by the statute, (1 R. L. 86, 7, s. 21,) which denies it " when the dower in demand is of land that the husband aliened to the tenant, or his or her ancestors, where the tenant ought not to be ignorant, what land the husband did alien to him or her." In this case, the tenant denies that, to his knowledge or belief, the dower demanded is of lands claimed by him, directly or indirectly, under the husband; and it is, thus far, we think, a case proper for a view. But is a view necessary? In such case only is it to be granted. (1 R. L. 86.) And upon this question we must be governed by the circumstances of the case. This is the course in ejectment, where the form of the declaration is equally general as in this action

NEW YORK,
May, 1825.

Vischer
v.
Conant.

For the purposes of view, the two cases are precisely simi-lar; and we think the same practice should be followed in each, upon the question of granting it. This Court have decided that they would not grant a view in the latter action, unless it appear that boundaries will come in question. (*Wickham* v. *Waters*, Col. Cas. 46.) And it is difficult to perceive how a view can be necessary in any other case. To ascertain the precise premises for which the plaintiff is proceeding, the constant course, in an action of ejectment, is, to obtain a bill of particulars, which may be done at any time before trial, on application to a Judge or Commissioner. (2 Archb. Pr. 48, 49, and the cases there cited.) This will answer all the purposes of a view in the present case. The object of the tenant is, to be advertised in which of the several tracts in Massena where-of he is possessed, the dower in demand lies. This pro-ceeding, to obtain a bill of particulars, seems applicable to all actions in which the plaintiff declares generally, with-out specifying particularly his cause of action. (2 Archb. Pr. 198.) The only difficulty, in this stage of the proceed-ing, will be in saving to him his plea of non tenure, if the claim should happen to relate to those lands of which he is not seised. For this purpose, he should have obtained the order for particulars during his imparlance. Under the circumstances of this case, however, we will, if he wish it, grant him a special imparlance to the next term, to the end that he may obtain the particulars of the demandant's claim as in other cases.

*Hopkins* said, as he did not wish the specification with the view to a plea, but merely to the trial, he would plead the present term, and take the course mentioned by the Court to obtain a bill of particulars to inform the defendant as to the trial.

Motion denied:(*a*).

(*a*) There have been three decisions, previous to the one in the principal case, upon the question when a view shall be granted in real actions, viz. *The Freeholders and Inh. of Gravesend* v. *Voorhis*, (1 John. Cas. 237 ;) *Haynes* v. *Budd*, (id. 335 ;) and *Ostrander* v. *Kneeland*, (20 John. 276.) In the first, the kind of action does not appear ; and the court lay down the general rule, which seems to be the ancient construction of the

of West. 2, 13 ed. 1, ch. 48, (the Latin of which is in 2 Inst. 480,) transla-
ted and enacted in 1 R. L. 86, s. 21, viz., that the tenant is entitled to have
view as matter of right, and that it cannot be denied except in the cases men-
tioned in the statute. These cases are but few, viz., where a writ is brought
to recover land lost by default, or a second writ where the first was abated
after view, provided the party had view in the first writs; in dower, where
the husband aliened to the tenant or his ancestor; upon a second writ of en-
try, after abatement for misnomer of the entry in the first, if there was view
in the first; and in all writs demanding lands by reason of a demise made
by the demandant or his ancestor, during certain disabilities, to the tenant.
The technical meaning of each of these exceptions is considered in 2 Inst.
480 to 484. *Haines* v. *Budd* went on the same rule, holding that a view in
a writ of right was of course. This ancient and narrow construction was
broken in upon and done away by *Ostrander* v. *Kneeland*. By the old law,
the tenant was, in real actions in general, *prima facie*, entitled to a view,
(Booth, 37,) and this notwithstanding the statute of West. 2; and the only
way to show the exception was by counterpleading it, (id. 38,) thus showing
of record that the case was within some of the exceptions in the statute;
whereas the practice is now altered to a form more convenient and conforma-
ble to modern practice in other cases; the *onus* of showing the view to be
necessary being thrown on the tenant, and the cases in which a view is to be
granted much narrowed. It is plain that the statute (1 R. L. 86,) applies to
real actions generally, writs of right as well as dower; and this being so, the
reasoning of the court in *Ostrander* v. *Kneeland*, and the principal case,
seems to do away the two former cases.