By the Court.—Van Vorst, J.
The power of. the court to order a bill of particulars of the plaintiff’s claim in an action of this character is not questioned. It is sanctioned by the Code, § 158, and by authority (Tilton v. Beecher, 59 N. Y. 176).
In Blackie v. Neilson (6 Bos. 681), it is stated that in an action for the conversion of personal property the defendant is not entitled, as a matter of right, to require the plaintiff to furnish him with a particular statement or description of the chattels for the value of which the action is brought.
But in the discretion of the court such description, -in the nature of a bill of particulars, may be ordered (Fullerton v. Gaylord, 7 Robt. 551). Whether a statement of the particulars of the plaintiff’s claim, when furnished voluntarily or by order of the court, is sufficiently explicit, or whether a further one should be ordered, is to be determined by the judge to whom the same is submitted for consideration, and its disposal rests in his sound discretion, on hearing both *357 parties, under all the circumstances of the case (Humphrey v. Cottelyou, 4 Cow. 54).
In an action of trespass, by which the personal property and business of a party is damaged and injured, it might be exceedingly difficult to fix an unyielding estimate of specific damage, unless an appraisal was had by persons competent to judge.
The case differs essentially from that in which items of an account in an action upon contract, is asked for. There precision as to values and amounts can be readily acquired.
The amount of the plaintiff’s damage to each article is in fact unadjusted, as also to his business, and can be ascertained only by a competent appraisal, or by the evidence on the trial.
The complaint states with sufficient explicitness the date of the trespass.
The plaintiff, in his affidavit, read on the motion, states that it would be difficult to give precise dates and amounts, since the aggressions of the defendant were a series of acts ; and that to specify all his injury, an inventory of his business must needs be taken, which would require time and labor.
We are not disposed to interfere with the discretion exercised by Sedgwick, J., before whom the motion was heard, and who upon consideration denied the application.
The order appealed from is affirmed with costs.
Curtis, J., concurred.