*F. Tracy,* contra.

Humphry
v.
Cottleyou

---

## HUMPHRY & HUMPHRY *against* COTTLEYOU.

Practice upon requiring a farther bill of particulars.
The party, under an order for a bill of particulars, must state the time when the items of his demand arose, with as much particularity as possible. If he cannot give the day, he should give the month, year, &c.

THIS was an action of trover. June 2d, 1842, an order was made by the Hon. J. T. Irving, first Judge, &c. requiring the plaintiffs to show cause before him at his office, at the City Hall, N. York, on the 10th, why they should not deliver to the defendant, or his attorney, an account in writing of the particulars of the plaintiffs' demand. This order was served on the agent of the plaintiffs' attorney, but did not reach him till the 12th. On the 10th, the order was made absolute, that the plaintiffs deliver a bill of particulars to the defendant or his attorney; and that in the mean time all proceedings on the part of the plaintiffs be stayed. This order being duly served, the plaintiffs' attorney delivered a bill, which, after the title of the cause, ran thus; "And the said plaintiffs, in pursuance of an order of the Hon. John T. Irving, deliver the following account and particulars for which this suit is brought, that is to say : for 2 sticks of timber 24 inches square, 70 or 80 feet long, 100 sticks of round hemlock and pine timber called dock sticks," &c. proceeding in this form, without giving dates, or mentioning any time, within which the plaintiffs' claims for the several items arose. On the 26th July, the Judge made an order for a further bill of particulars, requiring the plaintiffs to state the

precise date and times when the several articles specified in the declaration came to the defendant's possession, or were converted by him. After this, the plaintiffs' attorney made an affidavit that he had conferred with his clients, and from the facts he had gathered from them, and by a conversation with the witnesses, he could not comply with the last order, so far as to give the precise dates and times when the articles specified in the declaration came to the defendant's hands or were converted to his use. Upon this affidavit and the above facts,

A motion was now made to set aside the second order of the Judge. On the part of the defendant an affidavit was read to show that a statement of the time was necessary to enable him to prepare for his defence.

*H. Carter*, for the motion.

*King & Randall*, contra.

*Curia.* In a bill of particulars, the date of the items should always be given with as much particularity as possible. If the precise day cannot be stated, the month or year probably can. This is a matter in relation to which the Judge who grants the order must exercise a sound discretion on hearing both parties, under all the circumstances of the case. The motion must be denied.

Motion denied.