## COURT OF APPEALS.

### THEODORE TILTON agt. HENRY WARD BEECHER.

*Bill of particulars — case of crim. con.*

The court of original jurisdiction has the power to grant a bill of particulars in an action of *crim. con.* if it sees fit to order particulars to be furnished.

And where it decides that it has not such power, it commits an error in law which requires this court to reverse its decision.

But whether in the exercise of its discretion it should grant ór refuse the order for a bill of particulars, this court are not to decide.

ALLEN, J., *dissenting.* — Holding that in all cases where this court had reversed the orders of the court below and remitted the proceedings by reason of a supposed want of power, it appeared by the order and record of the court, that the decision of the court below was placed *exclusively* on the ground of a want of power. Here the motion was denied for want of power and for other reasons. The facts giving this court jurisdiction of the appeal must appear by the record; they do not so appear in this case.

*December*, 1874.

APPEAL from an order of the general term of the city court of Brooklyn, affirming an order of the special term of that court refusing to grant an order for a bill of particulars in this action.

*William M. Evarts*, for defendant, appellant.

*Roger A. Pryor*, for plaintiff, respondent.

RAPALLO, *J.* — There is no uncertainty or indefiniteness in respect to the nature of the charge made against the defendant. The difficulty under which he claims to be laboring is

that the complaint does not point out the times or occasions when the alleged offenses are claimed to have been committed, but avers simply that they were committed on the 10th of October, 1868, and divers other days and times after that day and before the commencement of this action, thus covering a period of very nearly six years, the action having been commenced in August, 1874. He denies that the acts charged were ever committed, but claims that for the purpose of preparing his defense it is necessary that he should be furnished with the particulars of the time and place, in order that he may summon witnesses to rebut such evidence as may be brought against him or explain the circumstances which may be proved, and upon which the plaintiff may rely to establish the charges.

In action upon money demand, consisting of various items, a bill of particulars of the dates and description of the transactions out of which the indebtedness is claimed to have arisen is granted almost as a matter of course; and this proceeding is so common and familiar that when a bill of particulars is spoken of it is ordinarily understood as referring to particulars of that character. But it is an error to suppose that bills of particulars are confined to actions involving an account, or to actions for the recovery of money demands arising upon contract. A bill of particulars is appropriate in all descriptions of actions when the circumstances are such that justice demands that a party should be apprised of the matters for which he is to be put on trial with greater particularity than is required by the rule of pleading. They have been ordered in actions of libel: Escape — *Davis* agt. *Chapman* (*Adolph. & Ellis*, 767; 7 *Dowl. & R.*, 774); trespass — *Johnson* agt. *Birley* (5 *Barn. & Ald.*, 540); trover — *Humphrey* agt. *Cottleyou* (4 *Cow.*, 54); and in ejectment — *Vischer* agt. *Conant* (*id.*, 396). Even in criminal cases' the instances in which the courts have, by analogy to the practice in civil actions, ordered bills of particulars are frequent, viz. : On an indictment for being a common barrator, where a general

Tilton agt. Beecher.

form of pleading is allowed (*Hawkins' P. C., B. c.,* 83, §
13; *Goddard* agt. *Smith,* 6 *Med. R.,* 261; *Commonwealth*
agt. *Davis,* 11 *Pick.,* 432). On an indictment for nuisance,
the prosecutor has been required to specify particulars of the
separate acts of nuisance which he intended to prove (*Rex* agt.
*Carwood, Add. & Ell.,* 815; *Regina* agt. *Flower,* 3 *Jurist,*
558), and in a prosecution of embezzlement (*Rex* agt. *Hodg-
son,* 3 *Carr. & Payne,* 300). And in England there is noth-
ing more common, at the present day, than to order particu-
lars to be filed in an action for divorce, either on the ground
of cruelty or adultery; and this is done on the application of
either the defendant, or, in cases where the wife is the defend-
ant, of the person with whom she is alleged to have committed
adultery, and who, under the statutes 20 and 21 Victoria,
chapter 85, is joined with her as co-respondent for the pur-
pose of being mulcted in damages. These cases show very
clearly the opinion of the English courts, that a bill of par-
ticulars can be ordered in an action of *crim. con.,* because
section 33 of the statute last referred to, expressly provides
that where the alleged adulterer is named in the petition as
co-respondent, the claim made by every such petition shall be
heard and tried on the same principles, in the same manner,
and subject to the same or the like rules and regulations, as
actions for criminal conversations are now tried and decided
in courts of common law.

Under this provision particulars have been ordered on the
application of the co-respondent as well as of the respondent
(*Higgs* agt. *Higgs,* 11 *Weekly Rep.,* 154, *and see Hunt* agt.
*Hunt & Duke,* 2 *Swab. & Trist.,* 574).

The cases in which the complainant has been required to
furnish particulars, on the application of the respondent, are
too numerous to justify their citation here. There are nearly
a dozen of them in volumes 2 and 3 of Swaby & Tristram's
Probate and Divorce Court Reports, which we have examined,
and a similar order was made by the supreme court of Massa-
chusetts, in 1834, in the case of *Adams* agt. *Adams* (16

Tilton agt. Beecher.

*Pick.*, 254). In this state, chancellor WALWORTH, in the case of *Wood* agt. *Wood* (2 *Paige*, 198), laid down the rules which have since governed in actions between husband and wife for divorce, and rendered applications for bills of particulars unnecessary. It must be remembered that here, when the charge of adultery is denied, the issue must be tried by a jury, unless the parties consent to a different mode of trial, and it is even doubtful whether they should be permitted so to consent, but in a contested case the chancellor laid down the rule as follows:

"The only safe and prudent course is to require the charge, whether of crimination or recrimination, to be stated on the pleadings and in the issues, in such a manner that the adverse party may be prepared to meet it on the trial. If the persons with whom the adultery was committed are known, they must be named in the defendant's answer, and the adultery must be charged with reasonable certainty as to time and place. If they are unknown, that fact should be stated in the answer and in the issue, and the time and circumstances under which the adultery was committed, should be set forth. Neither party has a right to make such a charge against the other on mere suspicion, relying upon being able to fish up testimony before the trial to support the allegation."

The chancellor here speaks of setting forth the particulars in the answer because the case then before him was one of recrimination. In the case of *The Commonwealth* agt. *Snelling* (15 *Pick.*, 321) chief justice SHAW gave a very thorough examination to the subject of the practice of the courts of common law in requiring bills of particulars, and the principle upon which it is founded, and, after an extensive review of the authorities, came to the conclusion that the general rule to be extracted from them was, that where, in the course of a suit, from any cause, a party was placed in such a situation that justice could not be done at the trial without the aid of the information to be obtained by means of a specification or bill of particulars, the court, in virtue of its gen-

eral authority to regulate the conduct of trials, had power to direct such information to be seasonably furnished. The authorities cited by him are decisions in civil cases; but by analogy he applied the principle to a criminal prosecution for libel, and sustained an order requiring the prisoner to furnish particulars of his justification of a general libelous charge against the magistrate.

The same rule is laid down in a recent case in the court of queen's bench in Ireland (*Early* agt. *Smith, Cyss. Com. Law R., Appendix*, 35), where it was held on the authority of many of the same decisions which are cited by chief·justice SHAW, that the rules which governs the courts in ordering particulars to be given is, that in all cases, whether trespass, trover, or on the case, the court has a general superintending power and control, no matter what the form of the action may be. If this complaint or declaration is conceived in vague and general terms, without specifying the circumstances under or the occasions on which the plaintiff relies, and the defendant satisfies the court, by affidavit, that, either for the purpose of pleading or of defense, at the trial, it is necessary that the plaintiff be more specific, and more clearly define his cause of action, the court has a general jurisdiction to order the plaintiff to give a more precise and specific description of that upon which he relies. In the case last cited a bill of particulars was ordered in a case of oral slander. Although no precedent could be found for an order for particulars in such a case, the court determined that the circumstances presented to them brought the case by analogy within the reasons of those in which particulars had been .ordered, and that, therefore, they were authorized to afford the relief required.

A reference to a few of the authorities upon which these decisions were founded will show that in almost every case in which the defendant can satisfy the court that it is necessary to a fair trial that he should be apprised beforehand of the particulars of the charge which he is expected to meet, the

court has authority to compel the adverse party to specify these particulars so far as is in his power.

For instance, in *Doe* agt. *Phillips* (6 *Term Rep.*, 597), an action of ejectment was brought. It was made to appear to the court that the action was founded upon the alleged forfeiture of a term of a lease, by a breach of covenants contained in the lease. The court ordered the plaintiff to furnish particulars of the breaches of the covenants, of the times when, &c., he meant to insist that the defendant had forfeited the lease. To the same effect was the case of *Doe* agt. *Brood* (2 *Man. & Gr.*, 523), see in *Davies* agt. *Chapman* (6 *Adol. & Ell.*, 767), it was held that in an action for an escape the plaintiff might properly be ordered by a judge to give a particular of the alleged escape, specifying the time and place; and that the plaintiff is bound to specify them, precisely if he could, and if not, as well as he was able.

Analogous cases are to be found throughout the books of this state. It was long since recognized that in actions of ejectment, to ascertain the precise premises for which the plaintiff was proceeding, the constant course was to obtain a bill of particulars ( *Vischer* agt. *Conant*, 4 *Cow.*, 396), and so in actions of trover (*Humphrey* agt. *Cottleyou*, 4 *Cow.*, 54). As I have already shown, there is no class of cases in which, in England, even at the present day, it is more common to order particulars to be furnished than in actions in which adultery is charged. If the charge is general and vague, particulars are always ordered. As early as the year 1692, in the case of the proceeding for divorce against the Duchess of Norfolk, before the house of lords of England (*reported in* 8 *Hargrave's State Trials*, 35; *and Howell's State Trials, vol.* 12, *p.* 833), the duchess demanded particulars of the the charge against her. They were ordered. The complaint furnished a statement that the person charged to have committed the crime with the duchess was John Germaine, of, &c., and that the times were between the months of June and December, 1685, and several times

since, specifying places. The petition of her husband was presented in 1692. To this charge, covering six years, she answered that the charge as to time and place was too general and did not answer the end of the order of the house of lords. A further and more definite bill of particulars was then furnished; affording the complainant an extensive field for proof, but at the same time indicating to defendant the periods and occasions in respect to which she was called upon to defend herself.

Without following the line of English decisions, I come at once to those of our courts in Pennsylvania, as early as 1784. In the case of *Steele* agt. *Steele* (1 *Dall.*, 49), after issue was joined in an action for divorce for cruelty, the court held that notice ought to be given of the facts intended to be proved under the general allegations of the libel. In 1805, in *Garray* agt. *Garray* (4 *Yates*, 244), the libel charged that the respondent, on the 10th of June, 1799, at the county aforesaid, and at other times and places, committed adultery with Esther Palmer, and other lewd women, to the plaintiff unknown; and the court held that unless the complainant, before trial, specified, in a written notice, the time and places and attendant circumstances, she should be confined in the evidence to acts of adultery committed with Esther Palmer. In Massachusetts, in 1834, in the case of *Adams* agt. *Adams* (16 *Peck*, 254), the libel for divorce charged acts of adultery generally, and a bill of particulars was ordered. Most of the authorities which I have mentioned consist of adjudications prior to the amendment of 1849 to section 158 of the Code of Procedure, which is in these words: "And the court may, in all cases, order a bill of particulars of the claim of either party, to be furnished."

It must be borne in mind that we are discussing simply a question of power, whether in the case before us the court below had power to order particulars to be furnished; not whether upon the facts disclosed by the affidavits, the court below ought or ought not to have ordered particulars, but

whether it had the power to so do. If it made a mistake in that respect we must correct it. If the Code had been silent upon the subject of bills of particulars, section 469 would probably have sufficed if necessary to prove that he confessed the acts to have been committed at the dates specified in the bill of particulars. This is an imaginary difficulty. It would be absurd to suppose that any tribunal of ordinary intelligence would order a bill of particulars in such form as to exclude evidence of general confessions. The same argument is in the case of *Codrington* agt. *Codrington* (*Andrews*, 2 *Swab. & Trist.*, 368). After an order for particulars had been granted, the complainant delivered particulars in which he alleged that the respondent had committed frequent acts of adultery between 1859 and 1862, with one Lieutenant Mildmay, at Malta, and during a journey in Switzerland, Savoy, Sardinia and Italy. Application was made for further particulars, and it appearing that the charge was founded upon the contents of a diary and letters of the respondent which had come to the petitioner's hands, it was ordered that unless the petitioner gave further particulars, he should be confined in his proof to the confessions contained in the diary and letters.

It is further urged that the defendant, in such a case, needs no specification of particulars, because he knows better than any other, but one, the details about which he seeks information. This is *petitio principii*, it assumes that the defendant has committed the acts with which he is charged, while the very question to be tried is whether or not he has committed them.

A further argument is, that to make the disclosures sought will afford the defendant an opportunity to tamper with the plaintiff's witnesses. This argument has been used in many of the cases to which I have referred, and has been uniformly rejected. The principle upon which orders for particulars are granted, is the advancement of justice and preventing of surprise at the trial. The court must see that both parties

Tilton agt. Beecher.

are fairly dealt with; and it cannot be presumed that it will make any order which shall shield the defendant from just responsibility.

Whether in the exercise of its discretion it should grant or refuse the order applied for we are not to decide. All that we decide is that it has the power, if it sees fit, to order particulars to be furnished, and that in deciding that it had not. such power it committed an error in law which requires us. to reverse its decision.

A point is made on the part of the plaintiff which requires. notice. It is contended that the general term, in affirming the order of the special term, must be presumed to have passed upon the merits of the facts as well as upon the law of the case; and the decision in *Tracy* agt. *Altemeyer* (46 *N. Y.*, 598) is cited in support of this point. The answer is that in the present case it appears that the orders of the special term were reviewed by only two judges of the court; that. they were divided in opinion, and that it was only by force of the statute specially applicable to the city court of Brooklyn (*Laws of* 1870, *page* 1047, § 6); that the order stood as affirmed, the two judges disagreeing.

Our conclusion is, that the orders of the special and general terms of the city court of Brooklyn be reversed, without costs, and the case remitted; to be heard at special term; that its discretion may be exercised upon the merits.

CHURCH, Ch. J., and FOLGER and ANDREWS, JJ., concur.

ALLEN, *J.*, *dissenting.* — If the court below had not. the power to grant the motion, the order should be. affirmed. If the power existed, its exercise was in the discretion of the city court of Brooklyn; and the action. of that court in the exercise of that discretion is not the subject of review in this court. In one or more cases in which we have thought the court of original jurisdiction had erred in refusing to act by reason of a supposed. want of power, we have reversed the orders and remitted the

proceedings, to the end that the proper court might exercise the discretion the law had vested in it. In these cases it appeared, by the order and record of the court, that the decision of the court below was placed exclusively on the ground of a want of power. Here we have not the record evidence. The motion at special term was denied for want of power and for other reasons stated; showing conclusively that the relief was not denied solely upon the ground that the court had no power to grant it. The clear inference from the terms of the order is, that the judge doubted whether the court had power to order the information to be furnished; but if it had the power, a proper case had not been made for the exercise of the power. If the opinion is referred to, the same conclusion will be arrived at. The judge had evidently great doubts, and inclined to the opinion that there was a want of power, but was also of opinion that it was not a proper case for the relief if the power existed. The order at the general term surely affirms the order without assigning or declaring the reasons; and we must assume that it was affirmed on the merits, it not appearing that it was affirmed for any other reason. If the fact be that it was affirmed under the statute, by a divided court, which is not stated in the order, the result would be the same. The facts giving this court jurisdiction of the appeal must appear by the record. They do not so appear in the case. I am for the dismissal of the appeal.

Judge GROVER doubts the existence of the power, but concurs in the opinion of judge ALLEN.