GEORGE C. STIEBELING, RESPONDENT, v. WILLIAM LOCK-HAUS, APPELLANT.

*Bill of particulars—when one will be ordered in an action for slander—Code of Civil Procedure, § 531—what allegations in the complaint are insufficient to authorize the admission of evidence of special damages.*

This action was brought by the plaintiff to recover the damages occasioned by an alleged slander. The complaint charged that the defendant "did, sometime during the month of September, 1879, at the city of New York, falsely, wrongfully and maliciously speak, utter and publish the following false, defamatory and actionable words of and concerning the plaintiff, in the German language, in the presence and hearing of divers persons all of whom understood the same;" it then set forth the language in German and English, and alleged that by reason of the speaking of such words the plaintiff "was greatly injured in his fame, reputation, and good name as a physician, and in his earnings, profits and income as such," and that he had sustained great damages.

Upon an application by the defendant for a bill of particulars, *Held*, that the plaintiff should be required to furnish a bill of particulars specifying at what place or places, and in the presence of what person or persons, the words were claimed to have been spoken.

That as the allegations as to the injury to the earnings, profits, and income of the plaintiff as a physician, were not sufficient to allow him to prove special damages in particular instances, upon the trial, it was unnecessary to order a bill of particulars in those respects.

APPEAL from an order made at a Special Term, denying a motion for a bill of particulars.

*Edward S. Clinch*, for the appellant.

*Peter Cook*, for the respondent.

PER CURIAM :

Section 531 of the Code of Civil Procedure, amongst other things, provides that : " The court may in any case direct a bill of particulars of the claim of either party to be delivered to the adverse party." This broad language has been held to cover all classes of actions in which affirmative claims to recover damages are set up, whether they be upon contract or for tort. (*Orvis* v. *Dana*, 1 Abb. New Cas., 268 ; *Tilton* v. *Beecher*, 59 N. Y., 176.) Since the decision of *Tilton* v. *Beecher* by the Court of Appeals, the question of power cannot any longer be said to be in doubt ; and that case holds that a bill of particulars is proper in all description of actions where the circumstances are such that justice demands that a party should be apprised of the matters for which he is to be put on trial with greater particularity than is required by the rules of pleading. Numerous cases are cited by the court to sustain this proposition, to which it is not necessary to make further reference. In this case the plaintiff sues for alleged slander. The allegations in his complaint are of the most general character. He alleges that the defendant " did, sometime during the month of September, 1879, at the city of New York, falsely, wrongfully and maliciously speak, utter and publish the following false, defamatory and actionable words of and concerning the plaintiff, in the German language, in the presence and hearing of divers persons, all of whom understood the same." He then sets forth the language both in German and English, and alleges that by reason of the speaking of such words the plaintiff " was greatly injured in his fame, reputation and good name as a physician, and in his earnings, profits and income as such, and that this plaintiff has sustained great damage."

A motion had previously been made to make these allegations more specific, which was denied by the Special Term. Thereupon this motion was made for a bill of particulars, which was also denied. We think it very clear that justice demands that the defendant should be apprised with greater particularity of the matters for which he is to be put on trial, because under the complaint it seems almost impossible for him to prepare to meet the charge of speaking the alleged words. No specific place at which they were

spoken is given, and no persons in whose presence they were spoken are named, and there is no apparent mode by which the defendant can properly prepare to meet the charge. The time of speaking is, of course, not very material, but the place and persons in whose presence and hearing the words were spoken seem to us to be of grave importance, as otherwise the defendant upon the trial may be taken wholly by surprise by the production of testimony which he is wholly unprepared to explain or contradict. We think therefore it would have been a proper exercise of the discretion of the court to have directed a bill of particulars, specifying at what place or places the words are claimed to have been spoken, and in the presence of what person or persons. So far as relates to the claim of injury to the earnings, profits and income of the plaintiff, as a physician, the allegation is not sufficient to admit evidence on the trial of special damage in particular instances, and therefore, it is not necessary that a bill of particulars in these respects should be ordered.

We think that the order of the court below should be reversed, with $10 costs, and disbursements, and an order entered directing that the plaintiff deliver to the defendant the particulars of the place or places where the words are alleged to have been spoken, and in the presence of what persons.

Present—DAVIS, P. J., and BARRETT, J.

Order reversed, with $10 costs, and disbursements.

Order entered as directed in opinion.