ANNA N. DWIGHT AND OTHERS, AS EXECUTORS, &c., OF WALTON DWIGHT, DECEASED, RESPONDENTS, v. THE GERMANIA INSURANCE COMPANY, APPELLANT.

THE SAME, RESPONDENTS, v. THE HOMŒOPATHIC MUTUAL LIFE INSURANCE COMPANY, APPELLANT.

THE SAME, RESPONDENTS, v. THE METROPOLITAN LIFE INSURANCE COMPANY, APPELLANT.

THE SAME, RESPONDENTS, v. THE MANHATTAN LIFE INSURANCE COMPANY, APPELLANT.

THE SAME, RESPONDENTS, v. THE WASHINGTON LIFE INSURANCE COMPANY, APPELLANT.

THE SAME, RESPONDENTS, v. THE BROOKLYN LIFE INSURANCE COMPANY, APPELLANT.

*Action on policy of insurance—when an insurance company, setting up the falsity of answers in an application for a policy, will be required to furnish a bill of particulars—how the right of the defendant to prove admissions of the deceased will be preserved.*

In this action, brought by the plaintiffs upon a policy of insurance issued upon the life of their testator, the defense was that certain of the answers made

by him to the questions contained in the application upon which the policy
was issued were false and untrue, and that the policy was thereby avoided.
The answer alleged that the testator had stated in his application that he
had made no other application for insurance which had been refused, and
alleged that this was false, and that he had made such application to other
companies unknown to the defendant. It also alleged that the testator had
falsely answered that he had not had bronchitis, or spitting of blood, while
in fact he had had these diseases.

*Held*, that the defendant was properly required to furnish to the plaintiffs a
bill of particulars, containing a statement of the companies which the de-
fendant expected to prove had refused to insure the testator's life, together
with the dates of such applications and refusals, and also a statement of
the particular times and places at which it expected to prove that the
testator had had spitting of blood, or bronchitis before the making of the
application in question.

The defendant alleged that the evidence upon which it relied to establish the
existence of these diseases, consisted of oral and written statements of the
testator, which statements did not specify the precise time and place at
which he had had them.

*Held*, that the order should be so drawn as to provide that neither the bill
of particulars, nor anything in the order should prevent the defendant
from giving evidence of any declarations or statements, oral or written,
made by the testator as to his having had the said ailments, which decla-
rations or statements were general as to time and place.

APPEAL from an order made at Special Term, requiring the de-
fendant to file a bill of particulars.

The action was brought by the plaintiffs as executors of the last
will and testament of Walton Dwight, deceased, upon a policy of
insurance for $15,000, obtained by the testator from the defendant.

The defense was that certain of the answers made by the testator
to the questions contained in his application were false and untrue,
and that the policy was thereby avoided. By the answer the de-
fendant denied, among other things:

"That the said Walton Dwight duly performed or complied with
all the provisions and agreements contained in said policy, to be
kept and performed by him; and they, upon information and
belief, deny that the representations contained in the application
for said policy were, in all respects, true; and they particularly
deny, that the representations contained in the application for said
policy, touching the previous condition of health of the said
Dwight, and especially in regard to his ever having had spitting
of blood or bronchitis, and the representations respecting other

insurances upon the life of the said Walton Dwight, or any or either of them, were or are true.  .  .  .  .

"That upon said application, a further question was put to the said Walton Dwight, as follows :

"' 6. C.   Whether an insurance has been applied for with this or any other company, without having led to an insurance ?   If so, with which companies ?   And for what reason did the application not lead to an insurance ?'   And that to said question the said Dwight answered 'No.'  .  .  .

"And these defendants, further answering upon information and belief, say,  .  .  .  .   that each and every of the said answers and statements contained in said application, and hereinbefore specified, was false and untrue in the following respects.  .  .

"That prior to the application for the said policy the said Walton Dwight had had bronchitis and spitting of blood ; that at the time of the said application the said Walton Dwight, having applied to the Mutual Life Insurance Company of New York, for a policy on the life plan, had failed to obtain such policy, and that the said Mutual Life Insurance Company of New York refused to issue any policy upon the life of the said Dwight; that the said Dwight, at the time of the said application, and at the time of making the statements hereinbefore mentioned, had not, and never had a policy in the Connecticut Mutual Life Insurance Company for $15,000, or any sum, and that at the time when said application was made, the said Dwight had other insurances upon his life in addition to those specified by him, which fact he suppressed, and had made applications for insurance to one or more companies to this defendant unknown, which had led to no assurance.

"Upon the plaintiff's application for an order requiring the defendant to furnish a bill of particulars, it was *Ordered*,—That the defendant deliver to the plaintiffs' attorney, within twenty days from the entry of this order and notice thereof, a statement in writing, under oath, stating the particular times and places at which the defendant intends or expects to prove that said Walton Dwight had bronchitis and spitting of blood, or either of them ; also stating what other insurances upon his life, in addition to those specified by him in his application, the defendant intends or ex-

pects to prove that said Waiton Dwight had at the time when said application was made, specifying particularly the name of each company, with the date and amount of each policy; also stating what applications for insurance to one or more companies which had not led to an assurance, the defendant intends or expects to prove that said Walton Dwight had made at the time when said application for the policy upon which this action is brought was made, specifying particularly the name of each company to which application had been so made, with the time when made, and the date of each application.

"And it is further ordered, that the defendant be precluded from giving evidence upon the trial that said Walton Dwight had had bronchitis and spitting of blood or either of them at any time and place; and that said Walton Dwight had any insurances upon his life, at the time when said application was made, in addition to those specified by him in said application; and that said Walton Dwight had made at the time when said application for the policy upon which this action is brought was made, any applications for insurance which had not led to an insurance, other than is so specified in such bill of particulars."

*Jos. Larocque,* for the Germania Life Insurance Company, appellant. The order appealed from was not within the power of the court to make. (Code Civ. Pro., § 531.) The order appealed from affects a substantial right, and is, therefore, properly reviewable on appeal at General Term. (*Livermore* v. *Bainbridge,* 47 How. Pr. 355; *Gray* v. *Fisk,* 53 N. Y., 630.)

*James Otis Hoyt,* for the Manhattan Life Insurance Company, appellant. When a defendant in good faith sets up fraud as a defense, the widest latitude should be given to him to discover and prove it; and when the circumstances of the transactions are not within defendant's own knowledge or exclusively under his control, the plaintiff should be left to his own diligence in rebutting the allegations of bad faith. (*United States* v. *Tilden,* MS. U. S. Dist. Ct. So. Dist. N. Y.; *People* v. *Tweed,* 5 Hun, 353; *Gee* v. *Chase, Man. Co.,* 12 Id., 630; *Blackie* v. *Neilson,* 6 Bosw., 681–633;

*Dooley* v. *Royal Baking Powder Co.*, 1 Law Bulletin, 18; *Orvis* v. *Dana*, 1 Abb. New Cas., 285; *Bangs* v. *Ocean Nat. Bank*, 53 How. Pr., 51; *Pylic* v. *Stephen*, 6 Mees. & W., 814; *Horlock* v. *Lediard*, 10 Id., 677.)

*Augustus Ford*, for the Brooklyn Life Insurance Company, appellant. The statements contained in the moving papers do not show the plaintiffs entitled to a bill of particulars. (*Willis* v. *Bailey*, 19 Johns., 268; *Depew* v. *Leal*, 5 Duer, 663; *Commonwealth* v. *Snelling*, 15 Pick., 663.) The plaintiffs do not show their ignorance of the facts alleged in the answer. It is not sufficient to say they have no knowledge or information. (6 Bosw., 681; 7 Robt., 551.) From the nature of this action it must be apparent that a knowledge of the facts on which the defense rests is more with the plaintiffs than the defendant. (*Young* v. *De Mott*, 1 Barb., 30; *Blackie* v. *Neilson*, 6 Bosw., 681.)

*William Henry Arnoux*, for the Metropolitan and Homœopathic Life Insurance Companies, appellants. A party is not entitled to a bill of particulars of right, but of favor, to be determined in the sound discretion of the court, in view of all the circumstances of the case. (3 Chitty Gen. Pr., 613; 1 Impey Pr., K. B., 238; 2 Archbold Pr., K. B., 197; Tidd Pr., 526; 1 Burrill Pr., 2 ed., 431, *Dowdney* v. *Volkenning*, 5 J. & S., 313; *Orvis* v. *Dana*, 1 Abb. New Cas., 268; *Tilton* v. *Beecher*, 59 N. Y., 176; *Cour* v. *Snelling*, 15 Pick., 321; *Drake* v. *Thayer*, 5 Robt. 701; *Fullerton* v. *Gaylord*, 7 Id., 557; *Vischer* v. *Conant*, 4 Cow., 396; *Bangs* v. *Ocean Bank*, 53 How. Pr., 55; *Bank* v. *Lyman*, 1 Blatchf., 297; *Williams* v. *Sinclair*, 3 McLean, 289; *Hancock's Appeal*, 64 Penn. St., 470; *Early* v. *Smith*, 12 Irish, C. L., 35; *Wren* v. *Wield*, L. R., 4 C. B., 213.) Where confessions are not relied upon, the courts in the following cases have refused to order bills of particulars: *Power* v. *Hughes*, 7 J. & S., 482; *Kellogg* v. *Paine*, 8 How. Pr., 332; *People* v. *Tweed*, 5 Hun, 353; *S. C.*, affirmed, 63 N. Y., 199; *Orvis v. Dana*, 1 Abb. New Cas., 368; *Willis* v. *Bailey*, 19 Johns., 268; *Schile* v. *Brokhahne*, 9 J. & S., 354; *Depew* v. *Leal*, 6 Duer., 664; *Pylie* v. *Stephen*, 6 Mees.

& W., 813; *Harlock* v. *Lediard*, 10 Id., 677; *Echlin* v. *Brady*, 17 Irish Jur., 189.

*Henry Smith*, for the respondents. It is the right of a party to ask, and the duty of the court to order particulars of the claim of either party to be furnished, whenever the court can see that it would be in furtherance of justice. (Code Civ. Pro., § 531; *Tilton* v. *Beecher*, 59 N. Y., 176; *Orvis* v. *Jennings* [VAN HOESEN, J.], 6 Daly, 447). This power has been exercised in cases similar to those at bar. (*Studwell* v. *Charter Oak Life Ins. Co.*, 17 Hun, 602; *Marshall* v. *Emperor Life*, 6 Best & Smith, 886; *S. C.*, 1 L. R., Q. B., 85; *Leigh* v. *Atwater*, 2 Abb. New Cas., 419; *West* v. *West*, 4 S. & T., 22.) It is no answer for the defendants that there may be matters of which they cannot give particulars. These insurance companies are not entitled to put in an answer at all unless it is founded upon facts constituting a defense. (*Wood* v. *Wood*, 2 Paige, 113.) These appeals involve the review of a discretion confided to the Special Term, and should not be reversed where it does not appear that that discretion has been abused. (*Weller* v. *Weller*, 4 Hun, 195; *Moore* v. *Belloni*, 10 J. & S., 184; *Schile* v. *Brokhahne*, 9 Id., 353.)

LEARNED, P. J.:

No question is made on this appeal as to the form of the order; or as to its details.

After the elaborate discussion of the subject in *Tilton* v. *Beecher* (59 N. Y., 176), it must be considered as settled, that the court has the power, in cases of this nature, to order a bill of particulars. But it is urged by the defendants that the defense, of which particulars are ordered, is not a "claim," within the meaning of section 531 of the New Code. Without discussing the exact meaning of that word, we think that the plain scope of the opinion in the case above cited, includes a defense, though it be not strictly a "claim." Such was the view taken by the court in *Orvis* v. *Dana* (1 Abb. New Cas., 268), reported under the title of *Orvis* v. *Jennings* (6 Daly, 447). This is the doctrine in England. (*Marshall* v. *Emperor Life Ass. Soc.*, L. R., 1 Q. B., 35.)

Next, as to the question whether a case has been made entitling the plaintiffs to the order. The defendants aver that Dwight, in his answers to questions, made on the application to them for insurance, said, that he had not made application for insurance, which application had not led to insurance. And the defendants aver that he had made such application to companies unknown to them. Now it is plainly reasonable that the defendants should specify the companies, in order that the plaintiffs may prepare to meet the alleged proof.

So again, the defendants aver that Dwight made false answers, in that he said that he had not had bronchitis, or spitting of blood; while, in fact, he had had these diseases. Now it is true that the affidavit of the plaintiffs used on this motion is not quite as full as it might be. It does not deny that the plaintiffs have full knowledge of the times and places when Dwight had bronchitis and spit blood. It only denies a knowledge of the times and places when and where the defendant expects to prove that allegation. It is, therefore, open to the criticism made by the defendant, that the plaintiffs may have actual knowledge of sufficient facts to show them the particulars of the proposed offense. No allegations, however, are made in the opposing affidavits, that the facts in this particular are known to the plaintiffs. And we are inclined, therefore, to consider the moving affidavits sufficient. And, in this view, it seems to be only just and fair that some particularity should be given to the defense. The plaintiffs ought to know, with some reasonable certainty, at what times and in what places the deceased is claimed to have have had these ailments. (See *Marshall* v. *Emperor Life, ut supra.*)

An important argument, however, on the part of the defendants, is that the evidence on which they rely as to the existence of these ailments consists, so far as they are advised at present, of oral and written statements of said Dwight, which statements do not specify the precise times and places. A similar argument was made in the case of *Tilton* v. *Beecher, ut supra.* And the Court of Appeals then said that a court would not order a bill of particulars " in such form as to exclude evidence of general confessions." That court did not indicate how this was to be done; but it certainly

seems to be important that general confessions should not be excluded. The order may therefore be modified by adding a clause that neither the bill of particulars nor anything in the order should prevent the defendants from giving evidence of any declarations or statements, oral or written, made by said Dwight, of his having had said ailments, which declarations or statements are general as to time and place.

As thus modified the order should be affirmed, and the costs of this appeal and printing disbursements should abide the event.

Present—LEARNED, P. J., and BOCKES, J.; MARTIN, J., taking no part.

Orders affirmed as modified ; $10 costs and disbursements to abide the event; order to be settled before LEARNED, P. J.