SAMUEL B. HIGENBOTAM, RESPONDENT, *v.* JAMES S. GREEN AND JOSEPH B. MORTON, APPELLANTS, IMPLEADED, ETC.

*Bill of particulars — as to alleged acts of insanity.*

In an action charging physicians with a conspiracy, causing the incarceration of the plaintiff in an insane asylum, they answered that from their professional examination and knowledge of the plaintiff's health and mental condition, from frequent observation of plaintiff's actions, conduct and habits, and from information as to the same, they believed him to be insane.

*Held,* that it was an improper exercise of discretion for the court to order the defendants to furnish to the plaintiff a bill of particulars, specifying the time and place, when and where the actions of the plaintiff so referred to occurred, and what such actions were, when and where the observations referred to were made and what was observed, and to preclude the defendants from giving evidence of any matter in the premises not specified in the bill of particulars.

APPEAL from an order made at the Kings County Special Term, by which it was ordered and adjudged that the defendants do, within twenty days, furnish to the plaintiff —

I. A bill of the particulars of the "plaintiff's actions, conduct and habits," upon which the opinions of the defendants James S. Green and Joseph B. Morton, respecting the sanity or mental con-

dition of the plaintiff, mentioned or referred to in the eighth paragraph of the answer of the said defendants Green and Morton, as having been observed by them respectively, were respectively based, formed or founded.

II. It is further ordered that said bills of particulars respectively specify the time and place when and where the acts or actions of the plaintiff so referred to in the respective answers of Green and Morton occurred.

That said bills of particulars also respectively specify what such acts or actions were, and when and where the observations referred to in said answers of Green and Morton, respectively, were made, and what was observed.

III. It is further ordered that on the trial of this action the defendants Green and Morton be precluded from giving evidence of any matter respecting the plaintiff's actions, conduct or ·habits, beyond that which they may specify in the bill or bills of particulars above ordered.

*Wm. Henry Arnoux* and *Robert S. Green*, for the appellants.

*S. B. Higenbotam*, for the respondent.

DYKMAN, J.:

This action is for conspiracy and false imprisonment, in causing the incarceration of the plaintiff in a mad-house in the State of New Jersey.

The defendants set up in their answer, among other defenses, that application in pursuance of law was made to one of the judges of the State of New Jersey by the wife of the plaintiff alleging his insanity, and that the judge thereupon called on the defendants, who are physicians, as witnesses in the investigation of such alleged insanity. That in obedience to such summons, as required by law, they attended before the judge as witnesses and were examined by him respecting the mental condition of the plaintiff and gave certificates that in their opinion the plaintiff was then an insane man. They then aver that such was their opinion as physicians, and that such opinion was formed from their personal acquaintance with the plaintiff, from their professional examination and knowledge of the plaintiff's health and mental condition, from frequent observa-

tion of plaintiff's actions, conduct and habits, and from information as to such actions, conduct and habits from members of plaintiff's family and others, which they believe to be true.

On motion of the plaintiff an order was made at Special Term requiring the defendants to furnish to the plaintiff a bill of particulars of the "plaintiff's actions, conduct and habits" upon which the opinions of the defendants respecting the sanity or mental condition of the plaintiff mentioned in their answer were respectively based, formed or founded, and that such bills of particulars specify the time and place, when and where, the actions of the plaintiff so referred to occurred, and that such bills of particulars also specify what such actions were, and when and where the observations referred to in the answers were made, and what was observed.

It was further ordered that on the trial the defendants be precluded from giving evidence of any matter respecting the plaintiff's "actions, conduct or habits" beyond that which they specified in the bill so ordered.

This last paragraph is sufficient for the condemnation of the whole order. By it they are required to furnish particulars of the "actions, conduct and habits" upon which their opinions were based at the time they were given and precluded from giving evidence beyond that which they so specify. Conduct of the plaintiff there may have been theretofore, proving beyond doubt the visitation of insanity, but if it had not come then to the understanding of the defendants, under this order, they are deprived of its use and benefit on the trial. We, however, place our decision on broader ground.

The office of a bill of particulars is to amplify a pleading and indicate specifically the claim set up, while its effect is to restrict the proofs and limit the demand. It is neither given nor required for the purpose of disclosing to an adverse party the case relied upon, nor the proof to substantiate the same. Its entire scope and nature is to furnish information to an opponent, and to the court, of the specific proposition for which the party contends.

There is jurisdiction and power in the court to order such particulars, to be exercised in its discretion in a proper case. Usually the power is exerted in actions on contract involving accounts, but it may be used in all cases. It rests in discretion, however, and in this case its exercise was not in the line of wisdom.

The portion of the answer complained of fully apprises the plaintiff of the claim of the defendants in that behalf. They say that, in obedience to legal requirement, they attended before a lawful tribunal, in which the mental condition of the plaintiff was under judicial inquiry, and there gave their honest opinion that he was laboring under a visitation of insanity, and that such opinion was founded in part on personal observation of the actions, conduct and habits of the plaintiff. This apprises the plaintiff that the defendants rely upon these facts for their justification, and will make proof of them on the trial, and that is all he can require in a pleading. In this case it is all that is necessary. The plaintiff cannot be misled or surprised, as nothing is left uncertain or indefinite. To require more would be to ask for a disclosure of the proof intended to be adduced on the trial.

Nothing in the cases of *Tilton* v. *Beecher* (59 N. Y., 176) and *Dwight* v. *Germania Insurance Co.* (23 Alb. L. J., 354) is antagonistic to these views. The first case decided that there was power in the courts to order particulars in all cases. The last case was an action on a life policy of insurance, and the company, in the answer, set up that the deceased had bronchitis and spitting of blood, and the court ordered a bill of the particular times and places at which the deceased had these ailments. Certainly this order receives no approbation from these cases.

Here we have two physicians charged with conspiracy and perjury to confine the plaintiff in an asylum for the insane, which they deny. Then they set up in justification of their action that they are respectable physicians and gave their opinions upon evidence which produced honest conviction upon their minds that the plaintiff was insane, and they state the facts presented which were proof to them.

This is sufficient for a pleading, and the discretion of the court was improperly exercised in making the order appealed from.

The order should be reversed, with costs and disbursements, and the motion denied.

Barnard, P. J., concurred; Gilbert, J., not sitting.

Order reversed, with costs and disbursements, and motion denied, with costs.