## SUPREME COURT.

THE PEOPLE *ex rel.* JOHN SWINBURNE agt. MICHAEL NOLAN.

*Stay of proceedings — when should be granted pending an appeal to general term from order denying motion to make complaint more definite and certain, but allowing a bill of particulars.*

In regard to questions not absolutely settled by the court of last resort there is always so much doubt as to how they will there be determined that it is, as a general rule, safer and better for the tribunal which hears them in the first instance to give an opportunity for review before proceeding to enforce conclusions which may be overturned.

Where, in an action in the nature of a *quo warranto* to try title to an office, the question which the appeal involves being the right of the defendant to have embodied in the complaint the alleged facts upon which an official canvass of the votes cast for such office is to be overturned:

*Held*, that in view of the importance of the case, the unsettled condition of the practice, the need of the pleadings being passed upon previous to a trial and the affidavit of most respectable counsel that the appeal "is brought and will be prosecuted in good faith to an early decision," and that he "is of opinion that there is reasonable ground for such appeal," the stay should be granted (*See S. C., ante,* 271).

*Ulster Special Term, July,* 1882.

MOTION in behalf of defendant to stay proceedings pending an appeal to the general term from an order denying a motion

to make the complaint more definite and certain, but allowing a bill of particulars.

*E. Countryman* and *E. J. Meegan*, for defendant and the motion.

*A. S. Draper*, for plaintiffs and opposed.

WESTBROOK, *J.* — In May last, the defendant applied in this action to have the complaint therein made more definite and certain, and for a bill of particulars of the plaintiffs' claim. The grounds of such motion were these: The official canvass of the votes cast for the office of mayor of the city of Albany, at the charter election held on the second Tuesday of April last, declared that the defendant, Michael N. Nolan, had been elected mayor of said city, for the term of two years from the first Tuesday in May, 1882, by a majority of 118 votes over the relator John Swinburne. The defendant qualified as mayor, and proceeded to discharge its duties on the said first Tuesday of May, 1882. On that day, this action was commenced to obtain the possession of the office for the relator, the complaint, which with the summons was then served, averring in general terms, upon information and belief, that the defendant, at such charter election, held on the second Tuesday of April, 1882, had, by the greatest number of legal votes cast for the office of mayor of said city of Albany, been duly elected to such office. The defendant, who claimed to hold the office by the official count and canvass, averring that he was entirely ignorant of the facts upon which the plaintiffs relied to overturn such official count and canvass, moved this court, as has already been stated, for an order requiring the plaintiffs to make their complaint more definite and certain, by inserting therein the allegation of facts upon which they relied, and also for a bill of particulars of their claims in these respects.

This application was carefully considered, and the result was a denial of such motion as to the complaint, but as to the

bill of particulars it was granted, with the qualifications and provisions, which are contained in the order. To the opinion written upon such motion, reference is now made (*see ante,* 271), for the reasons which induced the making of the order then entered; and of the soundness and correctness thereof, the judge, who heard such motion and the present also, entertains no doubt. An appeal, however, has been taken from such order, and upon all the papers used upon the previous motion, including an affidavit of merits made by the defendant, and also upon an affidavit of his counsel (judge COUNTRY-MAN), who deposes that such appeal "is brought and will be prosecuted in good faith to an early decision, and deponent is of opinion that there is reasonable ground for such appeal," a motion is now made to stay all proceedings in the action pending such appeal. Should such stay be granted?

In answering the question just propounded, the court is embarrassed by the considerations, that while its own judgment upon the merits of such appeal is clear, it has oftentimes found its clearest and most conscientious conclusions overturned by the tribunals whose province is that of review. A striking instance of that can be found in the decision which was recently made in favor of the present relator, by the judge writing this opinion, in regard to the professorship in the Albany Medical College, which was not sustained either at general term or in the court of appeals, and yet in that proceeding, his judgment and convictions were just as clear and free from doubt as they are in regard to the present one. The fact is, that in regard to questions not absolutely settled by the court of last resort, there is always so much doubt as to how they will be there determined that it is, as a general rule, safer and better for the tribunal which hears them in the first instance to give an opportunity for review before proceeding to enforce conclusions which may be overturned. Certainly, this court has no desire to continue the usurpation of an office for a single day, but however clear the convictions of the relator and of his friends may be, that the defendant

is guilty of such an usurpation, it is manifest that at this stage of the controversy, no court can, with any propriety, act upon any such assumption.    The defendant holds the office of mayor of the city of Albany by a title *prima facie* complete, and though such title may be overturned by proof given upon a trial, yet in the face of the defendant's formal affidavit of merits, it would be exceedingly injudicious, upon *ex parte* affidavits charging fraud, for the court to close the ordinary avenues for the attainment of justice, and refuse to a party the usual stay to review an adverse decision.

The precise question, which the appeal involves — the right of the defendant, in an action of this character, to have embodied in the complaint the alleged facts upon which an official canvass for the votes cast for a public office is to be overturned — has never been directly passed upon by the court of appeals.    It is true, that the form of complaint adopted in this case is the one in general use, and has upon demurrer been held good (*People* agt. *Ryder,* 12 *N. Y.,* 433). In *Tilton* agt. *Beecher* (59 *N. Y.,* 176, 182, 183) the point was also somewhat discussed, and though a motion to make the complaint more definite and certain had not been made, the propriety of such a course was considered and an adverse conclusion intimated.    But in no case to which my attention has been directed has it been formally decided that the relief sought by the motion of the defendant cannot be granted.    In view of the importance of this case, the unsettled condition of the practice, the need of the pleadings being passed upon previous to a trial, and the affidavit of most reputable counsel that the appeal " is brought and will be prosecuted in good faith to an early decision," and that he " is of opinion that there is reasonable ground for such appeal," should not the stay asked for be granted ?

A general term of this court will be held on the first Tuesday in September next, at which the appeal can be heard, and a decision rendered in time to dispose of the case at the next regular circuit, or if that be preferred, at an extraordinary

circuit to be held in the fall. No hardship can result from such delay, as during the months of July and August the cause would not probably be tried, even though there was no stay.

In determining that this motion should be granted, the judge writing this opinion follows a precedent established by himself. In *Morss* agt. *Hasbrouck and others* an undertaking on appeal to the court of appeals was twice held to be defective, and two opinions, which are published, written. (*See ante,* 84, 201.) As to the correctness of his conclusions, the judge had not then, and has not now, the slightest doubt, and yet, upon the application of counsel, a stay pending an appeal was granted. In granting it the judge said : " On the question involved in the motion the judge who has heard it entertains no doubt. He knows, however, the fallibility of human judgment, and the importance of having all doubt solved upon a point of practice of continual recurrence." These remarks. are exactly applicable now. The judge, personally, has no doubt. Experience, however, has taught him, when dealing with the nice problems of the law, to distrust the finality of his judgment when it is to be passed upon by that of others. He knows, too, the need of having the present question definitely settled. As no harm can result to either public or private interests therefrom, the stay asked for is granted.