GEORGE WELLS AND SOLOMON WELLS, APPELLANTS, v. WILLIAM VAN AKEN, RESPONDENT.

39h    315
69 AD²143

*Bill of particulars — may be ordered in an action on an account stated.*

In this action brought on an account stated, the plaintiff, pursuant to a demand of the defendant, served a general bill of particulars without items giving the aggregate of their account at $2,985.77, and the aggregate of the defendant's account at $2,127.18, leaving $858.64 as the balance claimed on an account stated. The defendant moved for a further bill of items averring that the accounts of the parties ran back for a period of about twenty-five years ; that there had been no complete and full settlement or adjusting of them, nor any balance struck or agreed upon, and that their true and full amount was unknown to him; that he supposed that items had been omitted therefrom, and that if he found on full examination that an indebtedness existed against him, he desired to offer judgment for the amount thereof. The court ordered the plaintiffs to give the items of the account, unless they would stipulate to stand by their complaint on an account stated.

*Held,* that the defendant was under the circumstances of the case entitled to have a bill of items.

That the motion should have been granted without allowing the plaintiffs to withhold the bill of particulars by giving the stipulation referred to, but that as the defendant did not appeal this court would affirm the order as made.

*Hoff* v. *Pentz* (1 Abb. N. C., 288) distinguished.

APPEAL by the plaintiff from an order denying a motion for a bill of particulars, made by the defendant, in case the plaintiffs should stipulate to stand on the complaint on an account stated and the bill of particulars as served, and ask no amendment authorizing proof of any items antecedent to the date when the balance is claimed to have been struck, and granting the motion in case plaintiffs failed to so stipulate.

*John E. Van Etten,* for the appellants.

*Bernard & Fiero,* for the respondent.

BOCKES, J.:

This is an appeal from an order granting a motion for a further bill of particulars of the plaintiffs' account, unless the latter should stipulate to stand by their complaint on an account stated, and ask for no amendment to allow proof of the items constituting the account.

The action is on an account stated. The defendant, before answering, made demand for a bill of particulars, in answer to which the plaintiffs served a general bill, without items, giving the aggregate of their account at $2,985.77, and the aggregate of the defendant's account at $2,127.13; leaving $858.64 as the balance claimed on an account stated. A motion was then made for a further bill of particulars, giving the items of the account, which motion was granted, unless the plaintiffs should stipulate to the effect above stated.

It is in the power of the court to require the furnishing of a bill of particulars in all cases, to be exercised in its discretion with a view to meet and answer the ends of right and justice. It was so held in *Tilton* v. *Beecher* (59 N. Y., 176) and in *Dwight* v. *Germania Life Insurance Company* (84 id., 493), and in many other cases. It was said in the last case cited that the power of the court to order bills of particulars extends to all descriptions of actions, and could be exercised in behalf of either party thereto; and indeed such right is expressly declared by the Code of Civil Procedure (§ 531). It may well be that in general a bill of particulars will be unnecessary in an action on an account settled and stated. But whether necessary or not will depend on the issue the party may desire to raise by his pleading. If he intend to rest on a simple denial of the fact charged that the accounts had been examined and a balance struck, a bill of items of the account would be unnecessary. But he may wish to open the account — may wish to assail the balance of the account as stated, and this whether he does or does not intend to deny that the account was looked over and a balance struck. He may wish to have a re-examination of the accounts in order to have errors, mistakes and omissions in the former examination corrected and thus have the case disposed of at the trial on the merits. So a case may well be made in any action on an account stated wherein justice would require an order for a bill of particulars giving the items of the account. Then how stands this case in that regard? Has the defendant made a case showing his claims for a bill of particulars to be meritorious? He avers in his moving papers in substance, that the accounts of the parties run back for a period of about twenty-five years; that there has been no complete and full settlement or adjustment of them, nor any balance

struck or agreed upon, and that their true and full amount is unknown to him, that he supposes items which should enter into the accounts and into the adjustment of them have been omitted in making the balance claimed, and that on full examination of them, if it should be found that an indebtedness exists against him, he is desirous of offering judgment for the amount. Such is the ground of the application for the order in substance and effect.

Now on this state of facts it seems but right and just that the defendant be informed as to the items of the plaintiff's account referred to in the complaint, which account constitutes the basis and consideration for the recovery claimed.

If right in what he believes to be the condition of the case on the facts, he is entitled to have the entire case fairly and fully tried on the merits, that is, on the items of the account, and this although the complaint be on an account stated. The defendant is not debarred this right, because of the fact that the complaint is on an account stated. He may by his answer so frame and tender issues as that if supported, the entire accounts of the parties will be brought under examination. Even if he should defeat the plaintiffs' action on an account stated, he may still insist, if his answer be framed with that end in view. that the merits of the controversy be determined by the trial of the case on full examination of the accounts, as he has the right to counter-claim in this action, instead of bringing a new action himself, or awaiting a new action by the plaintiffs.

Therefore, according to his showing on his application for a bill of particulars, the case must be considered the same as if in court on an unsettled account.

The case of *Hoff* v. *Pentz* (1 Abb. N. C., 288, to which we are cited, a Special Term decision by the way, or what is equivalent, a decision by a judge at chambers), differs materially from the present on the facts. In the account there rendered was an item as follows: " Contract, 14,500." The plaintiff claimed that the account was defective in respect to this item, in that it did not specify what the contract was for, or to whom, or when, or for what it was paid.

The learned judge held that the information sought for should be obtained by an examination of the party, and on that ground refused the application for a more specific bill of particulars. Such was the real point of that decision. A state of facts like the

present was not there presented; and it may be added that if anything was then said in conflict with our conclusion on the facts here before us, we are unable to give the remark our concurrence.

Comment has been indulged on both sides, as to that part of the order which provides for the giving of the stipulation as an alternative for the furnishing of a bill of particulars. This provision was doubtless intended for the plaintiffs' benefit. We are of the opinion that the motion should, in justice and right, have been granted, without the alternative given to the plaintiffs to stipulate and thereby affect its denial. The defendant was entitled, as we conclude on the facts here presented, to have a bill of particulars according to the ordinary practice, to the end that he might shape his proceedings in the action, after having the plaintiffs' claim made specific and certain on the record as to the details of the account. But the defendant has not appealed, hence cannot be heard to complain of the order in any respect, and the plaintiffs may avoid the giving of the stipulation if they so prefer, by giving a bill of particulars. We therefore conclude that the order appealed from should be affirmed.

Present — LEARNED, P. J., BOOKES and LANDON, JJ.

Order affirmed, with ten dollars costs and disbursements for printing.