Kennedy, J.
By section 531 of the Code of Civil Procedure the court may in any case direct a bill of particulars of the claim of either party to be delivered to the adverse party.
This provision is an affirmance of a rule of practice long settled, to the effect, that when it- was made to appear to the court that by reason of a want of knowledge sufficient to enable a party to prepare for the trial of an issue tendered by his adversary in the pleading, it would order a sufficient statement of the claim so made to obviate the difficulty, and thus save the contestant from surprise on the trial or because of that, to prevent the necessity of a new trial. Thus, in case of Saunders v. Duke of Newcastle, 7 Durnford & East, 382; in an action of ejectment, on the application of the defendant the court made an order that the plaintiff should specify the particulars of the claim of title made by him within four days, and the defendant within four days thereafter should specify the particulars for which he defended. In Dwight v. Germania Life Insurance Company, 84 N. Y., 502, the court say, “ Unless changed by the statute law the power of the supreme court to order bills of particulars is not confined to action upon demands for money made up of different items. It extends to all description of actions when justice demands that a party should be apprised of the matter for which he is to be put upon trial with more particularity than is required by the rules of pleading, citing Tilton v. Beecher, 59 N. Y., 176. Nor is this power confined to an exercise of it in behalf of the defendant in an action, in favor of the plaintiff as well the court may order the defendant to give the particulars of the facts which he expects to prove,” citing many cases for different causes of action and defenses where the rule has been applied.
In the case in hand the action is brought by the heirs-at-law, resting their rights upon the documentary evidence which the records of the proper county furnishes, showing the title in the decedent at the time of his death. Beyond the evidence thus furnished, it cannot be supposed that they are in possession of facts resting in parol or unrecorded papers in the custody of *303 tbeir adversary; and upon tbe trial, in ignorance of the defendant’s source of title, the plaintiff cannot be assumed as prepared to meet the evidence tending to show title out of the decedent. If this title rests in parol, the plaintiff being unapprised of the ground, must of necessity go to trial unprepared to meet it; if meet it he can, if upon unrecorded deed or writing he will be equally wanting in preparation, and after the defendant’s case has been disclosed in order that justice may be done, the court would be obliged on the plaintiff’s application to suspend the trial by the withdrawal of a juror or in some other manner to enable him to properly defend his rights.
No good reason can be assigned why the defendant should not be required to disclose her case before the trial to an extent sufficient to enable the plaintiff to prepare ; thus placing him exactly where he would after such disclosure upon the trial.
The rights of the plaintiff therefore demand that the information sought by this motion should be furnished by the defendant.
The order hereto attached will be entered.