### DURANT *et al.* *v.* EAST RIVER ELECTRIC LIGHT CO.

(*City Court of New York, General Term.*   September 29, 1888.)

PLEADING—CERTAINTY.

In an action for personal property in a building which has been leased by defendant, an answer alleging that defendant is entitled to possession of the chattels named in the complaint, under the lease, and giving its date and the parties thereto, is sufficiently definite and certain.

Appeal from special term; PITSHKE, Justice.

Action by Frederick C. Durant and others against the East River Electric Light Company for certain chattels alleged to be in premises leased by and in possession of defendant. The complaint alleges that defendant is a domestic corporation; that plaintiffs were, at the time of the commencement of the action, the owners and entitled to the possession of certain chattels, (machinery, particularly specified a ' therein described;) that said chattels were at the time of the commenc ͜nt of this action in the premises No. 421 East Twenty-fourth street ͜w York city, which said premises were heretofore leased by the Durant ͜d Improvement Company, the grantee of the plaintiffs herein, to the ͜ ͜dant herein; that by the terms of said lease certain machinery in the s ͜emises, at the time of the execution and delivery of said lease, to-wit, ϲu the 4th day of January, 1888, was also leased to this defendant; that defendant took possession of the said premises under said lease, in which said premises the chattels above described at that time were; that the chattels above described were not, nor were any of them, included in the lease of said machinery to this defendant, but were at that time, and have ever since continued to be, the property of the plaintiffs; that said chattels are now the property of the plaintiffs, and that plaintiffs are entitled to the immediate possession thereof; that the defendant unjustly detains the same, after demand made, etc. Defendant in his answer alleges that he is entitled to the possession of the chattels named in the complaint under and by virtue of a certain lease, made between the plaintiffs and the defendant, and dated the 4th day of January, 1888, whereby the premises known, etc., as Nos. 421, 423, 425, 427, 429, and 431 East Twenty-Fourth street, and Nos. 428, 430, 432, and 434 East Twenty-Fifth street, in said city of New York, were leased to the defendant, together with certain machinery therein. A motion was thereupon made by plaintiffs' attorney that defendant be required to plead specifically to each allegation of the complaint; and that defendant be required to state in his answer what machinery it claims was leased by the plaintiffs herein, to-wit, as alleged in paragraph 3 of the said answer, and whether the machinery replevied by the plaintiffs was part of the machinery claimed by the defendant to be leased to it; and "that it be required to set forth under what provisions of the lease referred to in the said answer the machinery replevied in the action was leased to it." Upon the hearing said motion an order was made directing defendant to amend its answer by inserting the date, place, book, and page of the record of the lease therein mentioned, and how it is entitled to possession. Defendant appeals.

Argued before McGOWN and NEHRBAS, JJ.

*Wm. H. Kelly*, for appellant. *Kelly, Tucker & Henderson*, for respondents.

McGOWN, J., (*after stating the facts.*) It does not appear from the pleadings herein that the lease referred to in the third paragraph of the answer has ever been recorded. The answer discloses the date of the lease, (January 4, 1888;) the parties thereto, (the plaintiffs and defendant herein;) the premises leased; and the chattels claimed under said lease, viz., the chattels named in the complaint. Ample provision is made in the Code for an inspection, and a copy of the lease, if required by the plaintiff, (Code Civil Proc. § 803;) and also for its production upon the trial. The claim of the defendant is set forth in his answer with sufficient definiteness to enable the plaintiff to prepare for trial. A party cannot obtain his opponent's evidence by a motion to make his pleading more definite and certain, but, if entitled to, must seek it either under the provision of the Code, permitting an examination of the party before trial, or requiring the service of a bill of particulars. *Agnew* v. *Railroad Co.*, 13 Civ. Proc. R. 25. A bill of particulars is the appropriate remedy where the party seeks to be fully apprised of the particulars or circumstances of time and place of the matters set forth in his opponent's plead-

ings. *Tilton* v. *Beecher*, 59 N. Y. 176. An order requiring a complaint to be made more definite and certain may involve a substantial right, and if so is appealable. *Brownell* v. *Bank*, 13 Wkly. Dig. 371. The order appealed from must be reversed, with costs.

NEHRBAS, J., concurring.