WRAY *v.* NEW YORK C. & H. R. R. CO.

(*Supreme Court, Special Term, New York County.*   November 26, 1888.)

QUI TAM AND PENAL ACTIONS—SCHEDULE OF FERRIAGE—BILL OF PARTICULARS.

Laws N. Y. 1888, c. 260, § 1, require a schedule of rates of ferriage to be posted in a conspicuous place and accessible position outside of and adjacent to each entrance to certain ferries, and in at least four accessible places in plain view of the passengers on each boat.   In an action for the penalty for violation given by section 2 to the person suing therefor, *held,* that defendant is entitled to a bill of particulars of the names of the boats on which it is alleged violations occurred.

At chambers.   On motion for further bill of particulars.

Action by Stephen Wray against the New York Central & Hudson River Railroad Company for violations of Laws N. Y. 1888, c. 260, a copy of which appears in *Wray* v. *Railroad Co., ante*, 354.

*John A. Amundson,* for plaintiff.    *Ashbel Green,* for defendant.

LAWRENCE, J.  In this case the defendant moves for a further bill of particulars specifying the names of the ferry-boats upon each of which the plaintiff expects or intends to prove that the violations of chapter 260 of the Laws of 1888 occurred, and also the days on which he expects to prove that a violation of said chapter occurred upon each of said boats.  The bill of particulars furnished relates only to the failure to post schedules at the entrance to the ferry of Jay street and Forty-Second street, in the city of New York, but fails to show, although it is claimed that no schedules were posted upon the boats of the company of the defendant, the name of any boat on which the defendant omitted to post such schedules.  This being a penal action, I think the defendants are entitled to the relief which they seek.  See cases cited in memorandum in *Wray* v. *Railroad Co., ante,* 354, (this day filed,) and also *Tilton* v. *Beecher,* 59 N. Y. 176.  Ordered accordingly.