## WOODS v. GLEDHILL.

(*Supreme Court, General Term, First Department.* December 29, 1890.)

ALIENATING WIFE'S AFFECTIONS—PLEADING—BILL OF PARTICULARS.

 A complaint alleged that defendant had alienated from plaintiff his wife's affections by means of "gifts, presents, promises, threats, and seductive and deceitful arts and wiles," and claimed damages therefor. *Held*, that defendant was entitled to a bill of particulars.

Appeal from special term, New York county.

Action by Henry Woods against Henry Gledhill. Defendant appeals from an order denying a motion by him for a bill of particulars of plaintiff's claim. For former report, see 9 N. Y. Supp. 266.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*De Lancey Nicoll,* for appellant. *Purdy & McLaughlin,* (*William H. Hewson,* of counsel,) for respondent.

BARRETT, J. This is an action for criminal conversation. The plaintiff originally pleaded specific acts of adultery. Since then he has amended his complaint, omitting the specific charge of adultery, and simply alleging that the defendant has alienated his wife's affections by means of "gifts, presents, promises, threats, and seductive and deceitful arts and wiles." Upon this the defendant moved for a bill of particulars. The motion was founded upon the defendant's affidavit denying the charges generally, and declaring that he does not know and cannot surmise what in particular the plaintiff intends to charge him with. Upon this state of facts the motion should have been granted. It was no answer to say, as the plaintiff did in his affidavit, that all the particulars were more intimately within the knowledge of the defendant than they were within that of the plaintiff. This argument proceeds upon the assumption of the defendant's guilt, which is denied, and, so far, unproved. The defendant has a right to know what specific matter he will be called upon to meet. It will not do for the plaintiff to say to him, "You have alienated my wife's affections, and you know how." He is entitled to know what acts or doings of his the plaintiff charges caused the alienation. It is a plain case for a bill of particulars, within the principles enunciated in *Tilton* v. *Beecher,* 59 N. Y. 176; *Stiebeling* v. *Lockhaus,* 21 Hun, 457, and many other cases. The order should be, therefore, reversed, with $10 costs and disbursements, and the motion granted so far as to require

the plaintiff to particularize the "gifts, presents, promises, threats, and artful and seductive wiles," by which it is claimed that his wife's affections were alienated, together with the times when and places where these means were employed. All concur.