GEORGE W. SHAFFER, Respondent, *v.* FERDINAND HOLM, Appellant.

*Action for criminal conversation — when the plaintiff should be required to furnish a bill of particulars.*

The complaint in this action for criminal conversation alleged, upon information and belief, that on or about the 10th day of December, 1878, and in the fall of 1879, and in every month in the year 1880, and up to and including the 18th day of May, 1881, and at divers other times since the 10th of December, 1878, the defendant debauched and carnally knew the plaintiff's wife. The com-

plaint was verified and the summons was dated May 23, 1881. On June 18, 1881, the defendant's attorney demanded a written, verified statement of the particular times and places at which the acts of adultery were alleged to have been committed. May 26, 1882, he moved for an order requiring the plaintiff to furnish such a bill of particulars, upon an affidavit stating that he had no knowledge of the times and places at which the plaintiff expected to prove that the acts had been committed. The plaintiff filed an affidavit stating that he had no personal knowledge of the matters stated in the complaint on information and belief, and that he was advised by his counsel and verily believed that it would not be safe for him to give the verified statement demanded until the defendant had been examined as a witness before the trial.

*Held,* that the defendant's motion for a bill of particulars should be granted.

APPEAL from an order made at a Special Term, denying a motion to require the plaintiff to furnish a bill of particulars.

*Isaac N. Mills,* for the appellant.

*Jacob Fromme,* for the respondent.

BRADY, J.:

This is an action for criminal conversation. The complaint sets forth, on information and belief, that on or about the 10th of December, 1878, and in the fall of 1879, and in every month in the year 1880, and up to and including the 18th of May, 1881, and at divers other times since the 10th of December, 1878, the defendant debauched and carnally knew Catharine, the wife of the plaintiff. The complaint was sworn to on the 23d of May, 1881, and the summons bears the same date. On the eighteenth of June following, the defendant's attorney demanded a verified statement in writing of the particular times and places at which the plaintiff expected or intended to prove that any of the acts of adultery or criminal intercourse took place between the defendant and the wife of the plaintiff, and that service thereof be made at his office in Mount Vernon, Westchester county, New York. The demand was addressed to the plaintiff's attorney.

Nothing further seems to have been done on the subject to which the demand related until the 26th of May, 1882, when a motion was inaugurated to procure the bill of particulars demanded, and which was founded in part upon an affidavit of the defendant in which he stated that he had no knowledge whatever of the times

and places at which the plaintiff expected or intended to prove upon the trial that he had committed adultery with the plaintiff's wife, and without some knowledge upon this point he did not and could not know what witnesses he should subpœna to prove his whereabouts and conduct at such times, and that without such knowledge he would be forced to enter upon the trial of the action without the benefit of the testimony of important and material witnesses, and that he could not safely proceed to trial without a verified statement in writing from the plaintiff of the times and places at which the plaintiff expected or intended to prove the acts of criminal intercourse alleged to have taken place between himself and the plaintiff's wife, as he was advised by counsel and verily believed.

Upon this application the plaintiff's affidavit appears to have been read, in which he stated that he knew nothing of his own knowledge of the matters contained in the complaint which were set out therein, with the exception of those matters which were not set out on information and belief; and he stated further that he was advised by his counsel and verily believed that it would not be safe for him to give the verified statement demanded until the defendant was examined as an adverse party before the trial. The result of this application was an order denying it, but no opinion was expressed by the learned justice in disposing of the motion.

The respondent insists that the defendant was guilty of laches in allowing a year to elapse, and in waiting until the action was about to be reached on the day calendar, before he made the application; and further, that the wrongful acts charged were particularly within the knowledge of the defendant, who knows the places at which he and the wife of the plaintiff were at the various times charged in the complaint. But neither of these were sufficient to require the Special Term to deny the motion. In the case of *Tilton* v. *Beecher* (59 N. Y., 176), and which was an action of a similar character to the one in hand, it was decided that a bill of particulars in an action for criminal conversation might be exacted, and the direction to furnish it was a proper exercise of judicial power.

In *Jones* v. *Platt* (60 How., 278), which was an action for slander, the complaint alleges that on certain days the defendant, in the town of Westerlo and elsewhere, and at divers and various other times and places, uttered slanderous words. The defendant,

after issue was joined, applied for a bill of particulars specifying the times and places where. The motion was granted.

In *Stiebeling* v. *Lockhaus* (21 Hun, 457), which was also an action for slander, the importance of apprising the defendant with great particularity of the matters for which he was to be put on trial was recognized.

In the case of *Winchell* v. *Martin* (14 N. Y. Weekly Dig., 458), which was also an action for criminal conversation, the complaint alleged that, in the month of August, 1869, and at divers other times previous thereto and during such marriage, whilst the plaintiff and his wife were living together as man and wife, the defendant wrongfully and carnally knew the wife. It appeared that in January, 1870, although the issue was joined in September, 1869, the plaintiff noticed the cause for trial, and some time afterwards application was made for a bill of particulars, which was denied by the learned justice at Special Term on the ground of the defendant's laches in making it. An appeal was taken to the General Term of this department and the order was reversed. The court, in its opinion, said : " We are unable to discover any good and satisfactory reason for refusing a bill of particulars in this cause because of delay on defendant's part, such delay having no way embarrassed the plaintiff, as we can see, and he can as readily comply with the demand now as at any time since the action was commenced." And upon the merits the court said the defendant made a fair case for the allowance of the order, and while the determination of these applications rests somewhat in the discretion of the court, yet it is almost a matter of course to grant the demand in actions of this nature, where the complaint omits to allege time and place with particularity, as it failed to do in this instance. And the court further said the propriety and justice of requiring the plaintiff to supply the information sought by the defendant's motion was stated and fully commented upon in *Wood* v. *Wood* (2 Paige, 108); *Tilton* v. *Beecher* (59 N. Y., 176); *Stiebeling* v. *Lockhaus* (21 Hun, 457).

In this case it will have appeared that the charge made against the defendant in the complaint is without reference to place. The criminal conversation is alleged to have occurred at certain dates and between certain dates, but the place of its occurrence is not

named, neither town, city or county, and this would seem to be a strong reason why the particulars asked for should be given. It does not appear that the plaintiff is unable to give them. On the contrary, it is quite clear that he has the ability to give the required information, because in his affidavit in answer to the application for a direction to furnish the bill, he said that he was advised by his counsel, and verily believed, that it would be unsafe for him to give the verified statement, as already suggested. The case of *Winchell* v. *Martin* (*supra*) is conclusive of the right of the defendant in this case to have the particulars sought, inasmuch as it bears upon the question of laches, as well as the merits of the application made herein.

If it were necessary to sustain the power and propriety of ordering a bill of particulars in this case, the other decisions might be cited; but the adjudications mentioned are quite sufficient, and it is unnecessary to pursue the subject further.

In conclusion, however, it is proper to say on the question of laches, that, although no proceeding to compel the delivery of the bill of particulars was commenced until May, 1882, yet the demand for one was made soon after the action was commenced, as already suggested, viz., upon the 18th of June, 1881, and with which the plaintiff never complied. It must be said that the defendant was diligent in making the demand, and the question of laches cannot now be successfully urged against him. It was the duty of the plaintiff to have complied with that demand, and not to have driven the defendant to compulsory measures.

For these reasons the order appealed from should be reversed, the motion granted, and the plaintiff directed to furnish a bill of particulars of the times and places where the criminal conversation took place, within twenty days after service of a copy of the order to be entered herein. Ten dollars costs and disbursements of this appeal allowed to the appellant.

DAVIS, P. J., and DANIELS, J., concurred.

Order reversed and motion granted, with ten dollars costs and disbursements.