### HARRIS v. DRUCKLIEB.

(Supreme Court, Appellate Division, First Department. October 23, 1908.)

PLEADING (§ 320*)—BILL OF PARTICULARS.

In an action for the price of stock sold defendant, the latter alleged that plaintiff accepted a valuable consideration in full payment for the stock. *Held*, that plaintiff's motion for a bill of particulars as to the nature of the consideration, based on an affidavit that plaintiff was ignorant of what defendant referred to as constituting the consideration, should have been granted, though defendant's answer to the application alleged that plaintiff had full knowledge as to the transaction and full means of information.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 320.*]

Appeal from Special Term.

Action by Samuel H. Harris against Charles A. Drucklieb. From an order denying plaintiff's motion for bill of particulars of defendant's separate defense, plaintiff appeals. Reversed, and bill of particulars ordered.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Louis O. Van Doren, for appellant.

George E. Blackwell, for respondent.

INGRAHAM, J. The action was brought to recover the purchase price of 25 shares of stock of a New York corporation, which the complaint alleged that the plaintiff at his special instance and request sold to the defendant, and that the reasonable value of the stock was $4,500, for which sum the plaintiff asks judgment. The answer admits the sale and delivery of the stock, and denies the allegations of the complaint as to its value, and for a separate defense alleges that the 25 shares of capital stock of the New York Cigarette Machine Company was sold and delivered by the plaintiff to the defendant for a valuable consideration, which consideration prior to the commencement of the action was received and accepted by the plaintiff from the defendant as full payment for such stock.

The plaintiff made a motion for a bill of particulars as to the nature, character, and description of the consideration which was received and accepted by the plaintiff for the stock. The motion was made upon an affidavit in which the plaintiff swears that he is ignorant of what it is that the defendant refers to as constituting the consideration for the stock. In answer to this the defendant alleges that, as the transaction occurred between the plaintiff and the defendant, the plaintiff has full knowledge thereof and has full means of information; but he does not state in his affidavit what the consideration was. I think the plaintiff was entitled to a bill of particulars, stating what consideration it was that the defendant paid to the plaintiff for the stock in question. The plaintiff swears that he has no knowledge of having received any consideration for the stock, and the defendant carefully refrains from stating it. It is not an answer to such an application to show that the plaintiff has knowledge of the fact sought to be shown, as the party has the right to have the claim of his adversary distinctly stated, so that he will not be surprised at the trial, and he be limited to the exact claim of which his opponent has notice.

The order appealed from must be reversed, with $10 costs and disbursements, and the bill of particulars ordered, as above stated, with $10 costs of motion. All concur.