AUERBACH v. PELLMAN.

(Supreme Court, Appellate Term. November 17, 1910.)

1. PLEADING (§ 320*)—BILL OF PARTICULARS—KNOWLEDGE OF PARTIES.
Defendant, in an action for moneys expended by plaintiff for defendant on his promise to repay the same, having in his answer alleged "the nature and consideration of the indebtedness from defendant to plaintiff," showing full knowledge on his part of the facts and circumstances connected with the alleged payment and promise of reimbursement relied on by plaintiff, is not entitled to a bill of particulars in that regard.
[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 972; Dec. Dig. § 320.*]

2. PLEADING (§ 317*)—BILL OF PARTICULARS.
Though defendant, in an action for moneys expended by plaintiff for defendant on his promise to repay the same, alleges in his answer the nature and consideration of the indebtedness from defendant to plaintiff, he is entitled to a bill of particulars as to the time when and the place where he requested plaintiff to expend the money, to whom and for what purpose it was paid, whether in one lump or several, and the time and place of defendant's promise to repay.
[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

Appeal from City Court of New York, Special Term.

Action by Isidor J. Auerbach against Charles Pellman. From an order denying a bill of particulars, defendant appeals. Reversed.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

Joseph P. Friedman, for appellant.

Abraham A. Silverberg, for respondent.

PER CURIAM. This is an appeal from an order denying defendant's motion for a bill of particulars. Plaintiff sued on two causes of action: First, for moneys alleged to have been paid out and expended for defendant by plaintiff upon the promise and agreement of the defendant to repay the same to plaintiff; second, on a check given in repayment of said moneys, which check was presented where payable, and payment refused. The defense is a general denial; and for a further and separate defense defendant alleges: First, that the check referred to in the complaint was given in a gambling transaction, and is void; second, that the check was delivered in blank, and intended to be given for $200, and not for $400.

Defendant demanded a bill of particulars as to "the time (day and hour) when and the place where defendant requested the plaintiff to expend the moneys as set forth in the complaint, to whom the moneys were paid, for what purpose the moneys were paid, if the moneys were paid in one lump sum or in small amounts aggregating $400, the time (day and hour) when and the place where defendant promised to repay the $400, and the nature and consideration of the indebtedness from the defendant to plaintiff." The defendant having, in his answer, alleged "the nature and consideration of the indebtedness from the defendant to plaintiff," showing full knowledge on his part of the facts and circumstances connected with the alleged payment and promise of reimbursement upon which plaintiff relies, he is not entitled to a bill of particulars in that regard. As to all other matters covered by the demand for the bill of particulars, the motion should have been granted. Tilton v. Beecher, 59 N. Y. 184, 17 Am. Rep. 337; Harris v. Drucklieb, 128 App. Div. 276, 112 N. Y. Supp. 671.

The order should therefore be reversed, with $10 costs and disbursements.